Frank GONZALES, a single man; Frank Amado; Larry Ayze Antonio H. Carrillo, Jr.; Barbara Ayze; Barbara E. Carrillo Delliman Clark; Ella Clark; Val C. Fletcher; Danny Flores Frank H. Garcia, Jr.; Carol L. Garcia; Manuel H. Garcia Yolanday Garcia; Burton M. Goode; Betty Goode; Curtis L. Johnson; Virginia M. Johnson; Frank G. Membrila; Pauline Membri-

la; Edward Murrietta; John S. Sanchez; Beatrice Sanchez; George M. Swinney; Atenedoro S. Guerrero; Guadalupe M. Guerrero; Thomas E. Mills; Marilyn L. Mills, Plaintiffs–Appellants,

v.

**PHELPS DODGE MIAMI, INC.,**
a Delaware Corporation,
Defendant–Appellee.

No. 06–16234.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 18, 2008.

Filed May 1, 2008.

Nicholas J. Enoch, Esq., Lubin & Enoch, P.C., Dallas, TX, for Plaintiffs–Appellants.

Kent S. Brockelman, Kimberly A. Fatica, Esq., Coppersmith Gordon Schermer, Owens & Nelson, PLC, Phoenix, AZ, for Defendant–Appellee.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Frank Gonzales and several similarly situated plaintiffs (collectively, "Gonzales") appeal the district court's grant of summary judgment in favor of defendant Phelps Dodge Miami, Inc. ("Phelps Dodge Miami"), and its denial of Gonzales's cross-motion for summary judgment. Established precedent from this circuit compels the court to affirm the district court's decision. Because the parties are familiar with the facts of this case, we recount them here only as necessary.

The court reviews de novo the grant of summary judgment. *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1440–41 (9th Cir. 1995). It reviews the district court's decision "in the light most favorable to the nonmoving party to determine whether any dispute of material fact exists and whether the district court properly applied applicable law." *Id.* at 1441.

Benefits provided in a welfare plan do not vest automatically under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995); *Grosz–Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154, 1160 (9th Cir.2001). As a result, an employer is "generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." *Curtiss–Wright Corp.,* 514 U.S. at 78, 115 S.Ct. 1223; *Grosz–Salomon,* 237 F.3d at 1160; *Cinelli,* 61 F.3d at 1441.[1]

Following its acquisition by Phelps Dodge Corporation, Cyprus Amax Minerals Company ("Cyprus Amax") was free to terminate the Severance Plan at issue here because the Severance Plan and the Summary Plan Description do not expressly

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Second, Fourth, and Eleventh Circuits have also recognized that the existence of a clause reserving the company's right to modify or terminate the plan, which exists in the relevant documents here, is inconsistent with an employer's alleged intent to vest benefits. *Gable v. Sweetheart Cup Co.,* 35 F.3d 851, 856 (4th Cir.1994) (holding that a "modification clause, standing alone, is more than sufficient to defeat plaintiffs' claim that the company provided vested benefits and thus waived its statutory right to modify or terminate the health benefit plan"), *cert. denied,* 514 U.S. 1057, 115 S.Ct. 1442, 131 L.Ed.2d 321 (1995); *see Alday v. Container Corp. of Am.,* 906 F.2d 660, 666 (11th Cir.1990) (rejecting a claim for vested lifetime benefits due, in part, to the company's express reservation of the right to terminate the plan); *see also Moore v. Metro. Life Ins. Co.,* 856 F.2d 488, 492–93 (2d Cir.1988) (same).

vest welfare benefits and plainly reserve Cyprus Amax's right to terminate the Severance Plan. Cyprus Amax properly terminated the Severance Plan consistent with its terms and the other plan documents.

■ Gonzales argues that Cyprus Miami Mining Corporation's ("Cyprus Miami") Employee Handbook ("Employee Handbook") constitutes a "binding agreement" that vested welfare benefits and therefore precludes Cyprus Amax from terminating the Severance Plan. It is true that parties may set out by agreement or private design whether welfare benefits vest, or whether they may be terminated, but such an agreement must be found in the plan documents and must be stated in clear and express language. *Grosz–Salomon,* 237 F.3d at 1160; *Cinelli,* 61 F.3d at 1441. Gonzales's argument that the Employee Handbook vested rights in the Cyprus Miami employees and precluded termination of the Severance Plan fails because the Employee Handbook does not contain sufficient information to qualify as a plan document under this court's strict criteria. *See Cinelli,* 61 F.3d at 1441–42 (stating that a plan document must "(1) provide a policy and a method for funding the plan, (2) describe a procedure for plan operation and administration, (3) provide a procedure for amending the plan, and (4) specify a basis for payments to and from the plan") (quoting *Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1523 n. 1 (9th Cir.1993), and citing 29 U.S.C. § 1102(b)). Even if the court characterized the Employee Handbook as a plan document, Gonzales's argument would fail because the Employee Handbook does not vest benefits in clear and express terms and does not convey rights apart from, or greater than, those contained in the Severance Plan. *See id.* at 1441 (recognizing that contractual vesting of benefits must be stated in clear and express language); *see*

*also Grosz–Salomon,* 237 F.3d at 1160 (same).

Gonzales's argument that section I(3) of the Severance Plan renders the Employee Handbook a "written agreement" that provides severance benefits also fails. Among other reasons, Gonzales is seeking benefits under the Severance Plan itself, and section I(3) relates to severance benefits "different" than those contained in the Severance Plan and granted pursuant to a written agreement between the company and an individual employee.

Finally, the court does not reach Gonzales's argument, first raised clearly on appeal at oral argument, that Phelps Dodge Miami violated ERISA by failing to provide Gonzales with notice of changes to the company's benefits plan because Gonzales did not raise that claim in his opening brief. *See* Fed. R.App. P. 28(a)(9)(A) (stating that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record. . . ."); *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL–CIO v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985) (stating that the court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.").

Accordingly, the district court's decision is **AFFIRMED.**